# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

WILLIAM K. DIXON,

    Plaintiff,

    v.

FRANK B. BISHOP, JR., *Warden NBCI,*
RICHARD S. RODERICK, *CMM & Acting Warden*,
JEFF NINES, *Assistant Warden,*
DAYENA M. CORCORAN, *Commissioner*,
WILLIAM S. BOHRER, *Security Chief*,
JASON L. HARBAUGH, *Captain*,
MARK J. CARTER, *IID Exec. Dir.,*
EVAN ORNDORFF,
JARED ZAIS,
BRANDON CABLE,
WILLIAM GILLIAN,
JEREMY CRITES,
ROBERT CROSS,
VAUGHN WHITEMAN,
JAMIE FARRIS, *Hearing Officer*,
NURSE TAMMY,
ANTHONY FRENTZEL, JR., *Sergeant*,
LEON GOODRICH,
GARY J. DROZDA,
DAVIS ELLIFRITZ,
GREGORY BEAN,
JOHN DOE WILT,
JOHN DOE DOLLY,
CHRISTEL V. KELLEY,
C. GILPIN,
CAROLYN PRICE,
SGT. LEYDIG,
J. MOST,
A.R.P. COORDINATOR JACK JOHNS,
JANE DOE MILLER and
THOMAS SIRUS,

    Defendants.

Civil Action No. TDC-18-2883

**MEMORANDUM OPINION**

Plaintiff William K. Dixon, currently incarcerated at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, has filed a civil rights action under 42 U.S.C. § 1983 against Defendants Frank B. Bishop, Jr., the former Warden of NBCI; Richard S. Roderick, the former Acting Warden; Acting Warden Jeff Nines; Captain Jason L. Harbaugh; Evan Orndorff; Jared Zais; Brandon Cable; Jeremy Crites; Robert Cross; Vaughn Whiteman; Sergeant Anthony Frentzel, Jr.; Leon Goodrich; Gary J. Drozda; Davis Ellifritz; Christel V. Kelley; C. Gilpin; Carolyn Price; J. Most; and Lieutenant Jack Johns (collectively, the "Correctional Defendants"); as well as Defendants Dayena M. Corcoran, Commissioner of Corrections, Maryland Department of Public Safety & Correctional Services ("DPSCS"); NBCI Chief of Security William S. Bohrer; Executive Director Mark J. Carter; William Gillian; Hearing Officer Jamie Farris; Gregory Bean; John Doe Wilt; John Doe Dolly; Jane Doe Miller; Nurse Tammy; Sergeant Leydig; and Thomas Sirus ("the Unserved Defendants"). Dixon asserts violations of his constitutional rights arising from instances of alleged sexual assault that took place at NBCI in 2014 and 2017, as well as events following the seizure of a weapon from his cell in 2018.

Pending before the Court are the Correctional Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which is fully briefed, and Dixon's Motion for Appointment of Counsel. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Correctional Defendants' Motion will be GRANTED, and Dixon's Motion will be DENIED. Although the Unserved Defendants have not been served with the Complaint, Dixon's claims against them will also be DISMISSED pursuant to 28 U.S.C. § 1915A.

**BACKGROUND**

Dixon alleges that on April 23, 2014, Defendant Goodrich sexually assaulted him by touching his face, removing his sunglasses, and stating "let me see those sexy eyes." Am. Compl. ¶ 12, ECF No. 4. Dixon filed a claim pursuant to the Prison Rape Elimination Act ("PREA"), 34 U.S.C. §§ 30301–30309 (2018), but investigators did not look into the matter until 2016. Defendant Sirus, the investigator, allegedly threatened Dixon and issued him a "bogus infraction" after Dixon would not withdraw his complaint. Am. Compl. ¶ 12.

The remainder of Dixon's Amended Complaint substantially repeats claims he advanced, and which this Court rejected, in *Dixon v. Bishop*, No. TDC-19-0740 (D. Md. Mar. 11, 2020) ("*Dixon I*"). *Compare* Am. Compl. ¶¶ 1-17 *with* Compl. ¶¶ 1-13, *Dixon I*, No. TDC-19-0740 (ECF No. 1). In particular, Dixon alleges that on January 31, 2017, Defendants Ellifritz and Drozda came to Dixon's cell to conduct a random search and "made sexual comments" about his buttocks. Am. Compl. ¶¶ 1-3. Dixon alleges that Drozda stated that he is homosexual and made sexual remarks as he escorted Dixon to a cage, where he conducted a strip search before leaving Dixon naked for over an hour. Defendants Crites, Whiteman, Dolly, Bean, and Wilt then arrived and made sexually abusive statements regarding Dixon's penis size. Later that night, Dixon was subjected to another strip search by Defendants Frentzel, Cross, and Gillian.

On January 24, 2018, Dixon was charged with having a weapon, which he claims he possessed in response to being sexually assaulted by Defendants. As a result of having contraband, Dixon was strip searched for security reasons.

On April 23, 2018, Dixon was assigned to a cell near Defendant Drozda's duty station. When Dixon refused to enter the cell, he was placed in disciplinary segregation. As part of the

transfer, Defendant Cable strip searched Dixon, and some of Dixon's property was mishandled, lost, and damaged.

Lastly, Dixon claims that in July and August 2018, Defendants Kelley, Orndorff, Zais, and Johns conspired with Nurse Tammy to falsely issue infractions on two charges of masturbation.

## DISCUSSION

### I. Motion to Dismiss or, in the Alternative, Motion for Summary Judgment

In their Motion, the Correctional Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6) or summary judgment under Rule 56. They argue that: (1) Dixon's suit is barred by the doctrine of *res judicata*; (2) Dixon fails to state a timely, valid claim against Goodrich; (3) Dixon fails to state a claim against the Correctional Defendants who are supervisors because there is no vicarious liability under § 1983; (4) there was no constitutional violation on the part of Defendants Kelley, Orndorff, Zais, and Johns; and (5) the Correctional Defendants are entitled to qualified immunity.

#### A. Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

**B.     *Res Judicata***

The Correctional Defendants argue that Dixon's claims, except for those relating to the April 2014 incident, are barred by *res judicata* because they were or could have been litigated in *Dixon I*. Because the prior suit at issue was a federal case involving claims under federal law, federal rules of *res judicata* apply. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law."); *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). *Res judicata* is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp Antitrust Litigation*, 335 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55. Although *res judicata* is an affirmative defense, it may be raised on a Rule 12(b)(6) motion to dismiss if the defense raises no disputed issues of fact. *Andrews*, 201 F.3d at 524 n.1; *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1967).

Here, Dixon does not dispute that *Dixon I* culminated in a final judgment on the merits. In *Dixon I*, the Court granted a dispositive motion, including on Dixon's Eighth Amendment and due process claims, in favor of the Correctional Defendants and other defendants in that case. Thus, the first requirement of *res judicata* is met.

As to the second question, cases involve the same "cause of action" if they "arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel*, 369 F.3d at 355 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996)). Even if a

plaintiff is proceeding under a different legal theory, "[a]s long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Ohio Valley Envt'l. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (internal citation omitted). Notably, *res judicata* bars not only claims actually litigated in the first case, but also claims that could have been litigated in that proceeding. *Pueschel*, 369 F.3d at 355-56. Here, with the exception of the claims relating to the April 2014 incident, all of Dixon's claims arise out of the same incidents occurring on January 31, 2017; on January 24, 2018; on April 23, 2018; and in July and August 2018 that were at issue in *Dixon I*.

Finally, on the question of identity of parties, Dixon was a party in both *Dixon I* and the present action. Other than the two Defendants involved in the April 2014 incident, all of the Defendants in the present case were also named in *Dixon I*.

Because the face of the Complaint establishes that this lawsuit re-litigates the merits of a case that has already been resolved, *res judicata* necessarily bars all claims against the Correctional Defendants in the present lawsuit. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005).

### C. Statute of Limitations

Dixon's claim against Goodrich stems from an incident that took place on April 23, 2014. The Correctional Defendants argue that this claim is time-barred. Section 1983 does not contain its own statute of limitations, so courts must apply the statute of limitations from the most analogous state law cause of action. *Owens v. Balt. City State's Atty's Office*, 767 F.3d 379, 388 (4th Cir. 2014). Where the operative events in this case generally occurred in Maryland, the Court applies Maryland's three-year statute of limitations for civil actions to § 1983 claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (LexisNexis 2020); *Owens*, 767 F.3d at 388.

The question of when a cause of action has accrued under § 1983 is a federal question. *Nassim v. Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id*. (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)).

Here, the facts alleged by Dixon against Goodrich occurred over three years before the filing of the original Complaint on September 17, 2018. Although in his memorandum in opposition to the Motion, Dixon asserts that his claim is not time-barred because the investigation into the incident did not take place until 2016, Dixon was present for the allegedly offending conduct in 2014, so there is no basis to claim that he lacked sufficient facts to recognize the existence of a potential claim. Because he failed to initiate this suit until September 2018, over three years after the accrual of the claim against Goodrich, the statute of limitations now bars consideration of his claim.

The three-year statute of limitations may be tolled for equitable reasons, but only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Given that Dixon has filed multiple civil actions in this Court while he has been incarcerated, including one filed on February 17, 2017, prior to the running of the statute of limitations on the claim arising from the April 23, 2014 incident at issue in the present case, there can be no argument that Dixon had no ability to assert his claim in a timely manner. *See Dixon v. Bishop*, No. TDC-17-0503 (D. Md. filed Feb. 17, 2017). The claim against Goodrich will therefore be dismissed as time-barred.

## II.     Unserved Defendants

Defendants Corcoran, Bohrer, Carter, Gillian, Farris, Bean, Wilt, Dolly, Miller, Nurse Tammy, Leydig, and Sirus have not been served with the Complaint.  Because Dixon is an inmate who is proceeding *in forma pauperis*, the Court reviews the allegations against the Unserved Defendants to assess whether Dixon has stated a plausible claim for relief against them.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b) (2018).

As previously stated, *res judicata* "precludes the assertion of a claim after a judgment on the merits in a prior suit" by the same parties based on the same cause of action.  *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).  "[N]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."  *Id.* (quoting *Peugeot Motors of America, Inc. v. E. Auto Distribs., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)).  In *Dixon I*, the Court granted a dispositive motion filed on behalf of Corcoran, Bohrer, Carter, Gillian (spelled "Gilliam" in *Dixon I*), Farris, and Bean on claims that were essentially identical to those asserted against them here.  *See, e.g., McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("[A] dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice.").  Likewise, in *Dixon I*, the Court dismissed on the merits essentially identical claims to those asserted in this case against Defendants Wilt (spelled "Walt" in *Dixon I*), Dolly, Miller, and Nurse Tammy.  For the reasons discussed above relating to the doctrine of *res judicata*, Dixon's claims against all of these Defendants cannot proceed.  *See supra* part I.  Dixon's claims against these Defendants will therefore be dismissed.  *See* 28 U.S.C. § 1915A(b).

As for Defendant Sirus, Dixon's allegations against him are limited to the assertions that in 2016, Sirus interviewed Dixon about the April 2014 incident involving Goodrich, and that when Dixon refused to "sign[]-off" on his complaint, Sirus threatened him and gave him a "bogus infraction." Am. Compl. ¶ 12. First, where the incident under investigation was, by Dixon's own account, limited to Goodrich's removal of sunglasses from Dixon and a verbal statement that Dixon had "sexy eyes," *id.*, there was no viable claim against Goodrich, as verbal statements, particularly one as mild as Goodrich's alleged comment, are not actionable under the Eighth Amendment. *See Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2004) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)). Thus, it is unclear what reason Sirus would have had for threatening or taking other adverse action against Dixon. More importantly for present purposes, Dixon's vague allegations of a threat and a bogus infraction, without any details on their nature, severity, and consequences, are too non-specific to support a plausible claim of a constitutional violation or other violation of federal law. The claim against Sirus will therefore be dismissed without prejudice. *See* 28 U.S.C. § 1915A(b).

### III.   Motion for Appointment of Counsel

Following the filing of the Correctional Defendants' dispositive motion, Dixon filed a Motion for Appointment of Counsel claiming that he is indigent and lacks the ability to conduct legal research and discovery while incarcerated at NBCI. The Court "may request an attorney to represent any person" proceeding *in forma pauperis* who is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil actions, however, the Court appoints counsel only in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). In doing so, the Court considers "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir.

1984) (internal citations omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Exceptional circumstances include a litigant who "is barely able to read or write," *id.* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F.Supp.2d 717, 723 (E.D.Va. 2008); *see also Altevogt v. Kirwan*, No. WDQ-11-1061, 2012 WL 135283, at *2 (D. Md. Jan. 13, 2012). Inherent in this analysis is that one's indigence alone is insufficient to establish exceptional circumstances. Dixon does not proffer any reasons demonstrating exceptional circumstances or a particular need that would require the immediate assistance of an attorney. Particularly where, as discussed above, his claims cannot succeed as a matter of law, the Court will deny this Motion.

## CONCLUSION

For the foregoing reasons, the Correctional Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment will be GRANTED; the claims against Defendant Sirus will be DISMISSED WITHOUT PREJUDICE; the claims against all of the other Unserved Defendants will be DISMISSED; and Dixon's Motion for Appointment of Counsel will be DENIED. A separate Order shall issue.

Date: February 23, 2021  /s/ *Theodore D. Chuang*
THEODORE D. CHUANG
United States District Judge